UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERN ROBERT THEROUX JR., <br><br>　　　　Plaintiff, <br><br>　v. <br><br>MARSHALLS OF MA, INC., et al., <br><br>　　　　Defendants. | Case No. 3:21-cv-00945-L-BLM <br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** <br><br>**[ECF NO. 29]** |

　　Pending before the Court in this action alleging disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"), and Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq*. ("Unruh Act"), is a motion to dismiss filed by Defendants` FW CA-Point Loma Plaza, LLC and Regency Centers Acquisitions, LLC.[1]  (ECF No. 29.)  Defendants argue this action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing and mootness under Article III of the United States Constitution.  Plaintiff filed an opposition and Defendants replied.  For the reasons which follow, Defendants' motion is granted in part and denied in part. Plaintiff is granted leave to amend.

---

[1]　　The moving parties are the only Defendants remaining in this case.  For purposes of this Order, they are collectively referred to as Defendants.

1

## I.  Background

According to the operative complaint (ECF no. 16, First Am. Compl. ("Compl.")), Plaintiff uses a wheelchair for mobility. (*Id.* ¶¶ 1, 8.) On September 21, 2020, Plaintiff attempted to visit the Marshalls retail store at Point Loma Plaza shopping mall located at 3695 Midway Drive in San Diego, with the intention of availing himself of its goods and services. (Compl. ¶¶ 8, 10, 24.) Plaintiff alleged he was deterred from patronizing the store by various accessibility barriers. (*Id.* ¶¶ 10, 24.)

With regard to the parking area, Plaintiff alleged that Defendants failed to provide van-accessible parking spaces, there was no "van accessible" signage, the accessible parking spaces were less than 96 inches in width, and that the access aisles in the parking lot needed to be restriped and were not accessible. (Compl. ¶¶ 25-26, 38-39.) As to the Marshalls store, Plaintiff alleged it was inaccessible due to a mat or carpet thicker than one-half inch positioned at the entrance. (*Id.* ¶¶ 27-29, 40-41.) Finally, Plaintiff alleged that the store bathrooms were inaccessible in that they were not equipped with any compliant lavatories. (*Id.* ¶¶ 30, 43-44.)

Plaintiff alleged he was denied full and equal access which caused him difficulty, discomfort, and embarrassment. (Compl. ¶¶ 24, 32, 50-51.) He alleged he continues to desire to patronize businesses at the mall, will return to assess ongoing compliance with the ADA, and will return to patronize the businesses as a customer once the accessibility barriers are removed. (*Id.* ¶¶ 10, 33, 35, 46.)

Plaintiff filed a complaint against Marshalls of MA, Inc., which operated the Marshalls department store at Point Loma Plaza; FW CA-Point Loma Plaza, LLC ("FW"), the alleged owner of Point Loma Plaza; and Regency Centers Acquisition, LLC ("Regency"), which allegedly operated and managed Point Loma Plaza. (Compl. ¶¶ 11-19.) Plaintiff alleged that Defendants violated the ADA and the Unruh Act. (*Id.* ¶¶ 36-51.) He requested injunctive relief compelling Defendants to comply with the ADA and Unruh Act requirements, statutory damages under the Unruh Act, and deterrence damages. (*Id.* at 9-10.) The Court has federal question jurisdiction under 28 U.S.C.

§ 1331 because plaintiff alleges an ADA violation. The Court has supplemental jurisdiction over the Unruh Act claim pursuant to 28 U.S.C. § 1367(a).

## II. Discussion

FW and Regency move to dismiss the complaint under Rule 12(b)(1) for lack of Article III standing and mootness. "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983).[2] Standing and absence of mootness are required to establish a case or controversy under Article III. *Med. Comm. for Human Rights*, 404 U.S. at 407 (mootness); *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 n.6 (9th Cir. 2002) (standing). Article III "requires federal courts to satisfy themselves that the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. The underlying concern is that, when the challenged conduct ceases such that there is no reasonable expectation that the wrong will be repeated, then it becomes impossible for the court to grant any effectual relief whatever to the prevailing party.

*City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000).

> To establish Article III standing a plaintiff must show three elements:
>
> (1) [the plaintiff] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. decision.

/ / / / /

---

[2] Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, and footnotes are omitted.

3

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.. Inc.,* 528 U.S. 167, 180-81 (2000); *see also Spokeo, Inc. v. Robins,* 578 U.S. 330, 338 (2016); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

> The party invoking federal jurisdiction bears the burden of establishing these elements. Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.

*Lujan*, 504 U.S. at 561; *see also Spokeo,* 578 U.S. at 338; *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011).

"[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Maya*, 658 F.3d at 1068. Courts take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits "are the primary method of obtaining compliance with the Act." *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 209 (1972); *see also* 42 U.S.C. § 12188(a).

Defendants advance several arguments why this action fails to present an Article III case or controversy. The arguments are addressed in turn below.

FW argues that Plaintiff cannot establish the causation and redressability elements of standing because FW does not "operate, maintain, or control" Marshalls store space at Point Loma Plaza and therefore has no control over the accessibility conditions at the store. (ECF No. 29-1, Mem. of P.&A. in Supp. of Defs' Mot. to Dismiss ("Mot.") at 8; *see also id.* at 9.)

> Causation exists where the alleged injury is fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Redressability, by contrast, is satisfied where it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Namisnak v. Uber Technol., Inc.,* 971 F.3d 1088, 1094 (9th Cir. 2020).

Plaintiff alleges (Compl. ¶ 16), and FW admits, that FW owns Point Loma Plaza and leases store space to Marshalls (ECF No. 29-3, Borenstein-Hofman Decl. ¶¶ 3, 4). The ADA imposes liability on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before." *Spokeo*, 578 U.S. at 341. Because the ADA subjects owners and lessors to liability, FW's argument is unavailing.

Next, as to the alleged barriers at Marshalls, Defendants suggest that Plaintiff cannot show an injury in fact because the Court has previously granted Marshalls' Rule 12(b)(1) motion.[3] (Mot. at 2; ECF No. 37, Defs' Reply at 3.) Defendants do not support this argument with any authority. The order granting Marshalls' motion was not a judgment, rendering inapplicable any res judicata bar to Plaintiff's claims against remaining Defendants. *See Taylor v. Sturgell,* 553 U.S. 880, 891-92 (2008). Moreover,

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. Proc. 54(b). The dismissal of claims against Marshalls therefore does not dispose of any claims against FW and Regency.

Defendants also contend that Plaintiff cannot establish an injury in fact and the case is moot because the conditions at the parking lot at Point Loma Plaza did not present any access barriers. (Mot. at 10-12; *see also* ECF No. 29-2, Christensen Decl.) Plaintiff alleged to the contrary that several accessibility barriers were present in the parking lot. (Compl. ¶¶ 25-26, 38-39.)

/ / / / /

---

[3] The motion was granted without prejudice as unopposed. (ECF No. 23).

5

This factual dispute cannot be resolved at this time because Defendants' argument improperly conflates the jurisdictional and merits inquiries.

> [A] jurisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits[.]

*Safe Air for Everyone v. Meyer,* 373 F.3d 1033, 1039 (9th Cir. 2004). This is the case when, as here, "a statute provides the basis for both the subject matter jurisdiction of the federal court and plaintiff's substantive claim for relief." *Id.*

> [T]he threshold question of whether plaintiff has standing (and the court has jurisdiction) is distinct from the merits of his claim. Rather, the jurisdictional question of standing precedes, and does not require, analysis of the merits.

*Maya*, 658 F.3d at 1068. To the extent Defendants' motion is based on the contention that there were no access barriers in the parking lot, the motion is denied.

Further, Defendants attack the specificity of Plaintiff's injury-in-fact allegations. (Mot. at 12-14.) "Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element" of standing. *Spokeo*, 578 U.S. at 338.

> For purposes of ruling on a motion to dismiss for want of standing, both trial and reviewing courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party[.]

*Namisnak,* 971 F.3d at 1092; *see also Spokeo,* 578 U.S. at 338 (court looks to the allegations in the complaint); *Maya,* 658 F.3d at 1068 1068 (same). "[G]eneral factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [the court] presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Maya,* 658 F.3d at 1068.

"This is not to say that plaintiff may rely on a bare legal conclusion to assert injury-in-fact[.]" *Maya,* 658 F.3d at 1068. Notwithstanding "the generous pleading

standards that apply to civil rights plaintiffs, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled[,]" including essential elements of Article III standing. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (*en banc*).

> To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical.
>
> For an injury to be particularized, it must affect the plaintiff in a personal and individual way.

*Spokeo*, 578 U.S. at 339. In addition, the injury must be concrete, meaning "'*de facto;*' that is, it must actually exist." *Id.* at 339-40. "[A] disabled person suffers an injury in fact when he encounters a barrier at a place of public accommodation that deprives him of full and equal enjoyment of the facility due to his particular disability." *Oliver v. Ralphs Grocery Co.,* 654 F.3d 903, 907 (9th Cir. 2011).

Plaintiff alleged he uses a wheelchair for mobility and attempted to visit Marshalls in Point Loma Plaza on a specific occasion but was deterred by accessibility barriers. (Compl. ¶¶ 8, 24.) This denied him "full and equal access and caused him, difficulty, discomfort, and embarrassment." (*Id.* ¶ 32.) Plaintiff described the accessibility barriers in the parking lot, entry into the store, and the store's restrooms. (*Id.* ¶¶ 25-30, 38-44.) He alleged that he "personally encountered some of these barriers." (*Id.* ¶ 31.)

Defendants argue, among other things, that Plaintiff's allegations are insufficient because he did not identify which of the barriers described in the Complaint he personally encountered. They point to *Chapman* and *Oliver* where similar allegations were found inadequate. Those cases are distinguishable because the allegations therein were insufficient to determine if the plaintiff encountered *any* of the barriers identified in the complaint. *See Oliver*, 654 F.3d at 907 ("Although Oliver's complaint stated that he had encountered barriers at the store and provided a list of alleged barriers, it did not specify which (*if any*) Oliver had personally encountered[.]") (emph. added); *Chapman*, 631 F.3d

7

at 954-55 ("Chapman leaves the federal court to guess which, *if any*, of the alleged violations deprived him of ... full and equal access[.]") (emph. added). Neither *Oliver* nor *Chapman* was dismissed because the plaintiff failed to specify which barrier he encountered, but because the plaintiff failed to allege that he encountered *any* of the barriers identified in the complaint. Plaintiff here alleged he encountered "some" of the barriers he identified in the complaint. (Compl. ¶ 31.) Plaintiff further alleged that the barriers he encountered personally affected him in that he was not able to access the store. (*Id.* ¶ 24.) Accordingly, Plaintiff sufficiently alleged injury in fact to the extent he seeks damages.

Defendants separately challenge Plaintiff's standing for injunctive relief (Mem. at 11-12, 14-15). "A plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Maya,* 658 F.3d at 1068-69.

Where, as here, a plaintiff seeks injunctive relief, he or she must allege, in addition to injury in fact discussed above, "continuing, present adverse effects" stemming from the defendant's actions. *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *see also Chapman,* 631 F.3d at 946 ("real and immediate threat of repeated injury in the future") (citing *O'Shea v. Littleton,* 414 U.S. 488, 496 (1974)). An ADA plaintiff can allege injury in fact to support injunctive relief by alleging "an intent to return to a noncompliant accommodation" or alternatively that "he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there." *Chapman*, 631 F.3d at 949.

Plaintiff alleged injury in fact under both theories. First, he alleged that he personally encountered accessibility barriers and "is deterred from returning and patronizing the businesses at Defendants' real property because of his knowledge of the barriers that exist." (Compl. ¶ 35; *see also id.* ¶ 33.) Plaintiff also alleged that he "intends to return for the purpose of availing himself of the goods and services offered to the public and to ensure that the Defendants cease evading their responsibilities under federal and state law." (*Id.* ¶¶ 10, 33, 35.)

8

No more specificity is required by the pleading standards discussed above. Accordingly, Plaintiff has sufficiently alleged injury in fact for purposes of injunctive relief.

Finally, Regency raises a factual attack on Plaintiff's standing as to any claims alleged against it. (*See* Mot. at 8, 10.) "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone,* 373 F.3d at 1039.

Plaintiff alleged that Regency "operates or manages the real property at or about 3695 Midway Dr., San Diego, California 92110" (Compl. ¶ 19), which Regency denies. Regency argues that it does not own, manage, or oversee the Marshalls store or the parking lot at Point Loma Plaza (Borenstein-Hofman Decl. ¶ 4), and that it is not a proper party (Mot. at 6). Regency suggests that "Regency Centers," which is not a named Defendant in this action, and Defendant Regency are different business entities. (*See* Borenstein-Hofman Decl. ¶¶ 1, 3, 5.) Regency admits that Regency Centers is the property manager for FW and manages the Point Loma Plaza. (*Id.* ¶ 3.) In his opposition, Plaintiff points to www.regencycenters.com, which shows that Point Loma Plaza is one of the shopping malls managed by Regency Centers. (ECF No. 36-2, Pl.'s Ex. 2.)[4]

Plaintiff's response does not address the issue whether it named the wrong entity as a Defendant. Accordingly, to the extent Defendants seeks dismissal of claims alleged against Regency, their motion is granted. Because it appears that Plaintiff can allege Article III standing against Regency Centers, Plaintiff is granted leave to amend. *See* 28 U.S.C. § 1653; *Oliver,* 654 F.3d at 908 (discretion to grant leave to amend defective jurisdictional allegations); *Maya*, 658 F.3d at 1067, 1069.

/ / / / /

---

[4] Defendants' objections to Plaintiff's exhibits (ECF No. 37-1, Defs' Objections to Pl.'s Evid.) are overruled for purposes of this Order.

9

### III.  Conclusion

For the foregoing reasons, Defendants' motion is granted in part. All claims alleged against Defendant Regency Centers Acquisitions, LLC are dismissed with leave to amend. If Plaintiff wishes to allege any claims against Regency Centers, he must file an amended complaint no later than March 10, 2023. Defendants shall file a response, if any, no later than March 17, 2023. In all other respects Defendants' motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated:  February 15, 2023

_____
Hon. M. James Lorenz
United States District Judge